UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

August 2, 2018

MEMORANDUM TO COUNSEL RE:   Jacqueline Dolphus, et al. v. Servis One, Inc. D/B/A BSI Financial Services
Civil Action No. GLR-16-1075

Dear Counsel:

Pending before the Court is Plaintiffs Jacqueline Dolphus, Christopher Smith, Paul Dickson, Reginald Smith, Danielle Hannah, and Gregory E. Sherrard's Motion for Equitable Tolling of the Statute of Limitations (ECF No. 43). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will deny the Motion.

On April 11, 2016, Plaintiffs filed suit against Servis One, Inc. D/B/A BSI Financial Services ("Servis One") on behalf of themselves and similarly situated current and former Servis One asset managers. (ECF No. 1). Plaintiffs allege that they consistently worked more than forty hours per week, but Servis One failed to pay them overtime. (Compl. ¶¶ 73–82, ECF No. 1). Plaintiffs seek recovery of wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (2018) ("FLSA"). (Id. at 2).

On June 10, 2016, Plaintiffs filed a Motion for Conditional Certification to Facilitate Identification and Notification of Similarly Situated Employees. (ECF No. 11). The Court denied the Motion on August 24, 2016. (ECF No. 18). The Court also granted Servis One's request to conduct limited discovery to determine whether Plaintiffs were similarly situated enough to warrant a collective action. (Id.). On November 14, 2016, Plaintiffs filed a Line reinstating their Motion for Conditional Certification. (ECF No. 21). The Motion ripened on December 9, 2016. (See ECF Nos. 21–23). The Court granted Plaintiffs' Motion for Conditional Certification six months later on June 8, 2017. (ECF No. 25).

Although the Court conditionally certified the collective action, Plaintiffs could not contact other potential class members because the parties disputed the notice time-period and the language of the opt-in form.[1] On September 8, 2017, the Court extended the notice period from

---

[1] Plaintiffs originally proposed a September 1, 2017 notice date, while Servis One proposed an August 1, 2017 notice date. The Court initially adopted the August 1 notice date in a June 26, 2017 order. (ECF No. 30). Then, on June 27, 2017, the Court ordered Servis One to agree with Plaintiffs' opt-in form or propose an alternative within fourteen days. (ECF No. 31). Servis One submitted its proposed opt-in form to the Court on June 30, 2017. (ECF No. 34).

August 1 to October 2, 2017, and adopted Plaintiffs' proposed opt-in form.[2] (ECF No. 42).

Plaintiffs contend that the Court's delayed ruling on two issues—the Motion for Conditional Certification and the approval of an opt-in form for other similarly situated employees—extinguished many of purported Plaintiffs' claims, due to the two-year statute of limitations. Plaintiffs now request the Court toll the statute of limitations on February 1, 2017, less than two months after the parties fully briefed the reinstated the Motion for Conditional Certification.

Equitable tolling of the statute of limitations is a "guarded and infrequent" remedy appropriate under "quite narrow" circumstances. Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Equitable tolling is only available when: (1) defendants "wrongful conduct" prevented plaintiffs from asserting their claims; or (2) "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." Cruz v. Maypa, 773 F.3d 138, 145 (4th Cir. 2014) (quoting Harris, 209 F.3d at 330). Furthermore, equitable tolling is not permissible "where the claimant[s] failed to exercise due diligence in preserving [their] legal rights." Chao, 291 F.3d at 283 (quoting Irwin v. Dep't of Veterans, 498 U.S. 89, 96 (1990)).

Here, Plaintiffs argue that delays in the Court's rulings on the relevant Motions constituted extraordinary circumstances outside of their control, which prevented Plaintiffs from filing their claims in time. The Court disagrees.

Under the FLSA, filing a complaint does not automatically toll the statute of limitations for all similarly situated employees. Some potential plaintiffs' claims may expire before they receive notice of the collective action, even when a court grants class certification early in the litigation. Harbourt v. PPE Casino Resorts Md., LLC, No. CCB-14-3211 2017 WL 281992, at *3 (D.Md. Jan. 23, 2017). The fact that an employee's FLSA claim expires before he or she received notice of a collective action is not in itself extraordinary, but rather an anticipated result of the statutory framework.

Rarely have district courts in the Fourth Circuit concluded that litigation delays were an extraordinary circumstance that warranted equitable tolling. See, e.g., Harbourt, 2017 WL 281992, at *3 (finding the four-month delay in granting a motion to dismiss and subsequent appeal was not an extraordinary circumstance); LaFleur v. Dollar Tree Stores, Inc., No. 2:12–cv–00363, 2012 WL 4739534, at *7 (E.D.Va. Oct. 2, 2012) (denying equitable tolling where motion for conditional certification was still pending after three months); MacGregor v. Farmers Ins. Exch., 2:10–CV–03088, 2011 WL 2731227, at *2 (D.S.C. July 13, 2011) (denying equitable tolling because the four-month time period in which a motion to dismiss was pending did not constitute an extraordinary circumstance). Courts have only found extraordinary circumstances when the delay was unusually lengthy. See, e.g., Owens v. Bethlehem Mines Corp., 630 F.Supp. 309, 312–13 (S.D.W.V. 1986) (allowing equitable tolling where motion for class certification was pending before the court for over a year).

---

[2] The Court's extension of the notice period was in response to Plaintiffs' Motion for Relief from the Court's Order filed on August 9, 2017. (ECF No. 39).

Here, granting the Plaintiffs' Motion for Conditional Certification six months after a full briefing did not present an unusual or unexpected delay. Rather, the six months the Motion was pending before the Court was a typical length of time for litigation in the District of Maryland. Additionally, the Court resolved the parties' good faith disputes related to the notice and opt-in form as those disputes ripened for the Court's review. Furthermore, Plaintiffs did not seek equitable tolling until September 15, 2017—seven and one-half months from when they now assert their claims should be tolled. Plaintiffs' belated request reveals both the ordinariness of the circumstances when they arose in February and Plaintiffs' lack of diligence in preserving their claims.

The Court therefore concludes that the six months the Motion was pending does not constitute a sufficiently extraordinary circumstance to "supplant the rules of clearly drafted statutes." Chao, 291 F.3d 276 at 283 (quoting Harris, 209 F.3d 325 at 330). Without more compelling circumstances or wrongdoing on Servis One's part, any prejudice potential plaintiffs suffered is not enough to warrant this equitable measure. Accordingly, the Court will deny the Motion for Equitable Tolling of the Statute of Limitations.

For the foregoing reasons, Plaintiffs' Motion for Equitable Tolling of the Statute of Limitations (ECF No. 43) is DENIED. Despite the informal nature of this Memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
George L. Russell, III
United States District Judge

3